# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WAYNE BEALL, | No. CIV S-09-3164-CMK-P |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| SECOND JUDICIAL DISTRICT COURT, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of mandamus. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

Petitioner is a Nevada state prisoner, currently incarcerated at the Northern Nevada Correctional Center. In his petition, he is requesting this court order a state court, the Second Judicial District Court, and a state judicial officer, Judge Steven P. Elliott, to rule upon a motion he has filed in that court.

Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions . . . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of

1

mandamus to "compel an officer or employee of the <u>United States or any agency thereof</u> to perform a duty . . . ." 28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies.  <u>See e.g.</u> <u>Demos v. U.S. Dist. Court for Eastern Dist. of Wash.</u>, 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act.  <u>See</u> <u>Finley v. Chandler</u>, 377 F.2d 548 (9th Cir. 1967).

Here, Petitioner is not requesting an action of any officer or employee of the United States or an agency thereof.  Instead, Petitioner is requesting the court to compel a state court to rule upon a motion he has filed.  This court has no jurisdiction to do so under 28 U.S.C. § 1361.  Accordingly, Petitioner will be required to show cause why this action should not be dismissed for lack of jurisdiction.

Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. <u>See</u> Local Rule 110.

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for lack of jurisdiction.

DATED: April 30, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE