**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD WAYNE BEALL, | No. CIV S-09-3164-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| SECOND JUDICIAL DISTRICT COURT, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of mandamus. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On May 4, 2010, the court issued an order to show cause why this action should not be dismissed for lack of jurisdiction (Doc. 5). Petitioner has responded to that order (Doc. 6).

In the court's order to show cause, the court stated:

> Petitioner is a Nevada state prisoner, currently incarcerated at the Northern Nevada Correctional Center. In his petition, he is requesting this court order a state court, the Second Judicial District Court, and a state judicial officer, Judge Steven P. Elliott, to rule upon a motion he has filed in that court.

Under 28 U.S.C. § 1651(a), all federal courts may issue

writs "in aid of their respective jurisdictions . . . ."  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty . . . ."  28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act.  See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

Here, Petitioner is not requesting an action of any officer or employee of the United States or an agency thereof.  Instead, Petitioner is requesting the court to compel a state court to rule upon a motion he has filed.  This court has no jurisdiction to do so under 28 U.S.C. § 1361.  Accordingly, Petitioner will be required to show cause why this action should not be dismissed for lack of jurisdiction.

Petitioner's response fails to provide any reason why this action should not be dismissed for lack of jurisdiction.  Instead, Petitioner appears to be attempting to challenge a 1992 conviction in the Nevada State Court.  Petitioner is informed that the proper method of challenging a conviction is through a petition for writ of habeas corpus, filed in the proper court, not a petition for writ of mandamus as he has filed herein.  The undersigned therefore finds this court lacks jurisdiction to compel a state court judge to act.

Based on the above, IT IS HEREBY ORDERED that:

1.  Petitioner's petition for writ of mandamus is dismissed for lack of jurisdiction; and

2.  The Clerk of the court is directed to enter judgment and close this case.

DATED:  July 2, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE